IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn

Civil Case No. 07-cv-01601-REB-CBS

LAURA CERENAC and her two minor children, as beneficiaries of a life insurance contract from her Deceased Husband, MICHAEL CERNAC,

    Plaintiffs,

v.

UNUM LIFE INSURANCE COMPANY OF AMERICA, a corporation,

    Defendant.

## ORDER GRANTING DEFENDANT UNUM'S PARTIAL MOTION TO DISMISS PURSUANT TO F.R.C.P. 12(b)(6) WITH INCORPORATED AUTHORITY

**Blackburn, J.**

The matter before me is **Unum's Partial Motion To Dismiss Pursuant to F.R.C.P. 12(b)(6) with Incorporated Authority** [#21], filed October 25, 2007. I grant the motion.

### I. JURISDICTION

I have subject matter jurisdiction pursuant to 28 U.S.C. § 1331 (federal question).

### II. STANDARD OF REVIEW

When ruling on a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6), I must determine whether the allegations of the complaint are sufficient to state a claim within the meaning of Fed.R.Civ.P. 8(a). I must accept all well-pleaded allegations of the complaint as true. *McDonald v. Kinder-Morgan, Inc.*, 287 F.3d 992, 997 (10th Cir. 2002). "However, conclusory allegations or legal conclusions masquerading as factual

conclusions will not suffice to prevent a motion to dismiss." ***Fernandez-Montes v. Allied Pilots Association***, 987 F.2d 278, 284 (5th Cir. 1993); ***see also Ruiz v. McDonnell***, 299 F.3d 1173, 1181 (10th Cir. 2002) ("All well-pleaded facts, as distinguished from conclusory allegations, must be taken as true."), ***cert. denied***, 123 S.Ct. 1908 (2003). I review the complaint to determine whether it "'contains enough facts to state a claim to relief that is plausible on its face.'" ***Ridge at Red Hawk, L.L.C. v. Schneider***, 493 F.3d 1174, 1177 (10th Cir. 2007) (quoting ***Bell Atlantic Corp. v. Twombly***, – U.S. –, 127 S.Ct. 1955, 1969, 1974, 167L.Ed.2d 929 (2007)). "Thus, the mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims." ***Id.*** (emphases in original).[1]

### III. ANALYSIS

Plaintiff Linda Cernac's husband, Michael Cernac, was insured under a $250,000 life insurance policy issued by defendant. Plaintiffs were the named beneficiaries of the policy. While the policy was in effect, Michael Cernac died. Although plaintiffs submitted a claim for benefits under the policy, defendant remitted a payment of only $50,438.36. This lawsuit followed.

Plaintiffs acknowledge specifically that the policy at issue was "regulated by the statutory and regulatory requirements of ERISA." (Amended Compl. ¶ 5 at 2.) As such, it

---

[1] *Twombly* rejected and supplanted the "no set of facts" language of *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). The clarified standard, "plausibility," and its meaning have been addressed recently by the Tenth Circuit in *Robbins v. Oklahoma*, ___ F.3d ___, 2008 WL 747132 (10th Cir. 2008).

is clear beyond peradventure that plaintiffs' purported state law claims for breach of contract, bad faith breach of insurance contract, and violation of the Colorado Consumer Protection Act are preempted. *See Kidneigh v. UNUM Life Insurance Co. of America*, 345 F.3d 1182, 1185-89 (10th Cir. 2003), *cert. denied*, 124 S.Ct. 1440 (2004); *Schmiedt v. Hartford Life & Accident Insurance Co.*, 2007 WL 1576263 at * 1 (D. Colo. May 30, 2007); *Halprin v. Equitable Life Assurance Society of the United States*, 267 F.Supp.2d 1030, 1039 (D. Colo. 2003). All of plaintiffs' claims in this lawsuit arise from the same nucleus of operative facts – defendant's failure to pay benefits allegedly due under the policy. Clearly, these claims "relate to" the policy in the manner contemplated by ERISA's preemption clause. *See* 29 U.S.C. § 1144(a); *Shaw v. Delta Air Lines, Inc.*, 463 U.S. 85, 96-97, 103 S.Ct. 2890, 2900, 77 L.Ed.2d 490 (1983) (holding that claim or law "relates to" an ERISA plan, and therefore is preempted, if it has a "connection with or reference to such a plan").

**THEREFORE, IT IS ORDERED** as follows:

1. That **Unum's Partial Motion To Dismiss Pursuant to F.R.C.P. 12(b)(6) with Incorporated Authority** [#21], filed October 25, 2007, is **GRANTED**; and

2. That plaintiffs' state law claims for breach of contract, bad faith breach of insurance contract, and violation of the Colorado Consumer Protection Act are **DISMISSED WITH PREJUDICE**.

Dated April 3, 2008, at Denver, Colorado.

                                                **BY THE COURT:**
                                                s/ Robert E. Blackburn
                                                Robert E. Blackburn
                                                United States District Court